[Civ. No. 6270. First Appellate District, Division One.—March 2, 1928.]

ELLA B. KAUFMAN, Respondent, v. FRED BELL, Appellant.

Walter C. Fisher for Appellant.

Haas & Dunnigan for Respondent.

TYLER, P. J.—Action for damages for refusal to convey certain real property. The complaint alleged an agreement on the part of defendant to sell the property in question at an agreed price; the payment on the part of plaintiff of a portion of the price, and a demand that defendant complete the transaction. That notwithstanding such agreement and demand defendant in bad faith conveyed the property to another. By his answer, defendant, among other things, alleged that when he informed his wife of the transaction she refused to join with him in the conveyance and that such refusal on her part was against his express wishes and entirely without collusion or suggestion on his part, and that her refusal precluded and prevented him from carrying out his agreement. The trial court found, among other facts, that at the time of the entering into of the contract defendant knew the title to the lands was vested in himself and his wife as joint tenants with the right of survivorship, but notwithstanding this fact he made no effort to obtain her consent to the agreement nor did he have any right to believe that she would join in the sale. Judgment followed for plaintiff, the court awarding damages in an amount representing the difference between the agreed sale price and the reasonable market value, as provided by the provisions of section 3306 of the Civil Code, such amount being the sum of $1,750. From this judgment defendant appeals and he claims in support thereof that where the failure of a contract vendor to convey land is caused by the refusal of his wife to join in the deed, it is not evidence of bad faith as contemplated in section 3306 of the Civil Code. There is no merit in appellant's claim. Plaintiff pleaded bad faith on the part of the defendant, and the proof in support thereof fully supports the conclusion of the learned trial court upon

this subject. It appeared in evidence that defendant at no time tendered back the money plaintiff had paid and that he gave various excuses for being unable to complete the transaction. He informed plaintiff a mortgage company had a lien upon the premises for a loan and that it objected to the transaction and gave as a further excuse for his refusal to convey that the property was restricted in its use, as a building could not be erected within ten feet of the sidewalk, which building restriction destroyed its value as she could not build upon it. It further appeared by uncontradicted testimony that defendant, while still retaining possession of plaintiff's deposit, joined with his wife in a conveyance by grant deed of the property to one M. E. Hurlbert, a brother-in-law of the defendant, thereby disabling himself from performing his contract ▉ Where a vendor contracts to sell land and is guilty of bad faith the measure of damage adopted by the learned trial court is the correct one, and the question of bad faith is one of fact for the court or jury to determine. The evidence fully supports the finding of the trial court upon this subject.

The judgment is affirmed.

Knight, J., and Parker, J., *pro tem.*, concurred.